UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                    v.<br><br>JAMES H. IM,<br><br>                              Defendant. | Case No. 17-cv-3613 (JPO)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JAMES H. IM** |

Defendant James H. Im ("Defendant"), by counsel, answers the allegations in the Complaint of Plaintiff Securities and Exchange Commission ("Commission") as set forth below. Defendant denies each and every allegation of the Complaint not expressly admitted.

## SUMMARY OF ALLEGATIONS[1]

1.       This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

2.       Defendant admits that he was a CMBS dealer for Nomura Securities International, Inc. ("Nomura" or the "Company"), and in that role he bought and sold CMBS on the secondary market. Defendant denies the remaining allegations in this paragraph.

3.       This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

---

[1] For ease of reference, Defendant has included the section headings used in the Complaint.  To the extent that the allegations contained in a section heading may be deemed to require a response, they are denied.

4.      This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

5.      Defendant admits that he received discretionary bonuses during the relevant period that were based, in part, on the performance of the CMBS desk.   Defendant denies the remaining allegations in this paragraph.

6.      This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

7.      Defendant admits that the Commission, in bringing this action against him, is requesting certain relief as provided in this paragraph.

**JURISDICTION AND VENUE**

8.      This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

9.      This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

10.      This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

11.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

## DEFENDANT

12.     Defendant admits that he was 40 years of age when the Complaint was filed and that he lives in Tarrytown, New York.  Defendant admits that he was associated with Nomura as a registered representative from approximately August 2009 through December 2014.  Defendant further admits that he was one of two head traders on Nomura's CMBS desk in New York, New York from August 2009 through June 2012, and that he was the sole head trader from July 2012 to December 2014.  Defendant admits that, during his time at Nomura, he held the position of Managing Director, Fixed Income, Securitized Products Trading, Americas.  Defendant admits that he was employed by another broker-dealer after leaving Nomura, but denies working at that broker-dealer currently.  Defendant admits that beginning in 1998, before joining Nomura, he was associated with at least three other broker-dealers throughout his career and that he has held Series 7, 24 and 63 licenses.  Defendant denies the remaining allegations in this paragraph.

13.     Defendant admits that he invoked his Fifth Amendment privilege in response to certain questions posed and document requested by the Commission.  Defendant denies the remaining allegations in this paragraph.

## RELATED ENTITY

14.     Defendant admits the first sentence of this paragraph.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, denies those allegations.

## IM'S KNOWLEDGE OF NOMURA'S POLICIES

15.     Defendant admits that, as a Managing Director at Nomura, he received and was generally aware its policies and training materials. To the extent this paragraph purports to characterize or quote the policies and procedures in the Compliance Manual for Nomura's Fixed Income Division and Compliance Manual for Nomura Holdings America (collectively, the "Manuals"), Defendant respectfully refers to the text of the Manuals for their true and complete contents, and denies that the Commission has accurately and completely summarized them. Defendant denies the remaining allegations in this paragraph.

16.     To the extent this paragraph purports to characterize or quote Nomura's policies and procedures, Defendant refers to the text of those policies and procedures for their true and complete contents, and denies that the Commission has accurately and completely summarized them.  Defendant denies the remaining allegations in this paragraph.

17.     Defendant denies the allegations in this paragraph.

## IM'S FRAUDULENT CONDUCT

**Background**

18.     Defendant admits his employment background with Nomura, as set forth in this paragraph.

19.     Defendant admits the general statements regarding CMBS in the first and second sentences of this paragraph.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the third and fourth sentences of this paragraph and, therefore, denies those allegations.

20.     Defendant denies the allegations in this paragraph.

21.     Defendant admits that CMBS prices are typically expressed as a percentage of face value of the subject bond, and that the operative increments are expressed in "points" and "ticks," which are equal to 1/32 of a point.

22.     To the extent that this paragraph contains generalized statements regarding Nomura's CMBS customers not tied to any specific time frame, Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies those allegations.

23.     Defendant admits that he bought and sold CMBS while employed at Nomura. Defendant denies the remaining allegations in this paragraph.

24.     Defendant admits that he could generate a profit for Nomura by buying and selling the security, and further admits that Nomura collected the "spread" (or difference) between Nomura's purchase and sale prices.  Defendant denies the remaining allegations in this paragraph.

25.     Defendant admits that Nomura was typically trading the CMBS as a principal. Defendant lacks sufficient information or knowledge to form a belief as to whether Nomura's counterparties usually agreed to compensate Nomura less for low-risk, intermediated trades than for trades in which Nomura had taken on more significant risk and, therefore, denies those allegations.  Defendant denies the remaining allegations in this paragraph.

26.     Defendant denies the allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

28.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

29.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

30.     Defendant admits that while employed at Nomura his trade negotiations often occurred through electronic communications. Defendant lacks sufficient information or knowledge to form a belief as to whether those electronic communications are the sources of all the trade negotiations quoted in the Complaint.

31.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

**Im's Material Misrepresentations and Deceptive Conduct**

32.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

33.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

34.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

35.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

36.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

37.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

38.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

39.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

**Examples of Im's Specific Misrepresentations and Deceptive Conduct**

40.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

41.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

**Trades 1 and 2**

42.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*First Trade*

43.     Defendant respectfully refers to the transcript of his conversation with Trader A for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

44.     Defendant respectfully refers to the transcript of his conversation with Trader A for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

45.     Defendant respectfully refers to the transcript of his conversation with Trader A for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

46.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

47.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*Second Trade*

48.     Defendant respectfully refers to the transcript of his conversation with Trader A for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

49.     Defendant respectfully refers to the transcript of his conversation with Trader A for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

8

50.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

51.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*Trade 3*

52.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

53.     Defendant respectfully refers to the transcript of his conversation with Trader B for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

54.     Defendant respectfully refers to the transcript of his conversation with Trader B for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

55.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

56.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*Trade 4*

57.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

58.     Defendant respectfully refers to the transcript of his conversation with Trader C for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

59.     Defendant respectfully refers to the transcript of his conversation with Trader C for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

60.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

61.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*Trade 5*

62.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

63.     Defendant respectfully refers to the transcript of his conversation with Trader D for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

64.     Defendant respectfully refers to the transcript of his conversation with Trader D for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

65.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

66.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

67.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*Trade 6*

68.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

69.     Defendant respectfully refers to the transcript of his conversation with Trader E for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

70.     Defendant respectfully refers to the transcript of his conversation with Trader E for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

71.     Defendant respectfully refers to the transcript of his conversation with Trader E for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

72.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

73.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

*Trade 7*

74.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

75.     Defendant respectfully refers to the transcript of his conversation with Trader F for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

76.     Defendant respectfully refers to the transcript of his conversation with Trader F for its true and complete contents, and denies that the Commission has accurately and completely summarized it.  Defendant denies the remaining allegations in this paragraph.

77.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

78.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

**Im's Compensation During the Fraud**

79.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

80.     Defendant admits that he received discretionary bonuses during his time at Nomura.  Defendant denies the remaining allegations in this paragraph.

## FIRST CLAIM FOR RELIEF

### Violations of Section 17(a) of the Securities Act

81.     Defendants incorporates by reference his answers to paragraphs 1 through 80 set forth herein.

82.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

83.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

## SECOND CLAIM FOR RELIEF

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5

84.     Defendant incorporates by reference his answers to paragraphs 1 through 80 set forth herein.

85.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

86.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

## THIRD CLAIM FOR RELIEF

**Aiding and Abetting Liability for Nomura's
Violations of Section 17(a) of the Securities Act**

87.     Defendant incorporates by reference his answers to paragraphs 1 through 80 set forth herein.

88.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

89.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

90.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

91.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

## FOURTH CLAIM FOR RELIEF

**Aiding and Abetting Liability for Nomura's
Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

92.     Defendant incorporates by reference his answers to paragraphs 1 through 80 set forth herein.

93.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

94.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

95.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.

96.     This paragraph states legal conclusions to which no response is required.  To the extent that it contains any allegations to which a response is required, those allegations are denied.[2]

## PRAYER FOR RELIEF

Defendant denies the allegations contained the prayer for relief, including its subparts (I) through (IV), and denies that the Commission is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

Without assuming any burdens not imposed by law, Defendant asserts the following defenses to Plaintiff's claims:

---

[2] Defendant reserves the right to amend this Answer or to assert other defenses as this action proceeds.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands and other equitable defenses.

## RELIEF REQUESTED

Defendant asks the Court to enter judgment in his favor and against the Commission; dismiss the Complaint with prejudice; and award him the costs of suit, including attorneys' fees, and such other relief as the Court may deem proper.


Dated:  February 26, 2018

Respectfully Submitted,


_____/s/_Matthew D. Ingber_____
Matthew D. Ingber
Michael Martinez
Robert W. Hamburg
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY  10020
Tel.:  (212) 506-2373
Fax:  (212) 849-5973

*Attorneys for Defendant James H. Im*

16